DOMENGEAUX, Judge.
Bartley D. Sellers, plaintiff-appellant, brought this suit in worker’s compensation *756 to recover benefits allegedly due to him as a result of an accident that occurred on or about November 17, 1977. The defendant-appellee, Cities Service Company, argued that the plaintiff had not sustained injuries while acting within the course and scope of his employment, and thereby, that the company could not be held liable.
The trial court rendered judgment in favor of Cities Service Company, dismissing plaintiff’s demands, and assessing him with costs, including expert witness fees for six doctors. The plaintiff devolutively appealed from this adverse judgment.
In November, 1977, plaintiff was employed by Cities Service Company on a temporary basis working a “turn-around”. He had previously worked as a truck driver, rigger, operator of heavy equipment, and various and sundry jobs. On November 17, 1977, Sellers was a member of a crew engaged in rigging a slide valve weighing several tons so that it could be lifted by a crane from the back of a flatbed truck.
There is some dispute in the record as to what happened thereafter. Sellers claimed that at about 3:30 or 4 o’clock in the morning, he was standing on the bed of the truck assisting in fastening the rigging to the valve. He stated that when the crane operator attempted to raise the valve, it was lifted several feet off the truck and then dropped back on one side of the flatbed. Sellers maintained that when the valve was dropped, its great weight caused the bed of the truck to pitch upward. According to the plaintiff, he was hurled some twenty feet in the air, causing him to turn a complete flip before landing on his feet, and then falling over onto the ground. Sellers averred that within minutes after his fall, he felt pain in his feet, ankles, knees, back and neck, with most of the pain centered in his lower back.
Other eye witnesses testified that the accident occurred between 8 o’clock and 9 o’clock in the evening. They stated that the valve merely shifted on the truck, causing the bed of the truck to tilt. When this occurred, they claim that Sellers simply jumped off the truck onto the pavement. He was not thrown up into the air, according to these witnesses.
One of those eye witnesses, Joseph E. Quinn, a maintenance foreman for Cities Service Company, testified that after the valve shifted, he ran over and asked if anyone had been hurt, and that no one indicated that they were injured. He stated that they all laughed about what had happened, and that the incident was really “no big deal”.
Another witness, Cleveland Navarre, testified that he too asked if anybody had been hurt after the accident, whereby he also received a negative reply. He averred that Sellers gave him no indication that he was in pain and walked without a limp. He otherwise corroborated the testimony provided by Joseph Quinn.
After the accident, the plaintiff went to sit down in the coffee shack at the facility. He apparently didn’t tell his foreman or anyone else that he was injured. After his shift ended, he went home and later returned to the plant at about 9 o’clock in the morning in order to see a doctor. The doctor was not in, but a nurse examined him and told him that he appeared to be alright.
Mr. William S. Andrus, general craft foreman at the Cities Service Company plant, stated in his deposition that he called Sellers on the telephone the morning after the incident to inform him that due to a reduction in force, the plaintiff was being terminated from his job. Andrus claimed that at this point, Sellers advised him that he had been in an accident, whereby Andrus told him to come in and report the incident to the medical department. Later, the nurse notified Andrus that Sellers had come in and was leaving, so Andrus met with Sellers in one of the offices at the clock-house. Sellers described what had happened, mentioning that his knee was swollen. Andrus examined the knee and detected no swelling. Andrus stated that as he watched Sellers exit the office, he could not see any signs of a limp.
*757 Sellers testified that he never received a phone call from Andrus in regard to his termination. He claimed that he did not know he had been terminated until he was advised of it at the clockhouse. Apparently, he thereafter went to see his attorney about the accident.
The plaintiff was subsequently examined by several different doctors. The first physician to treat Sellers was Doctor Ben Guil-beau, but he did not testify at the trial. In March of 1978, Sellers was examined by Doctor Norman Morin, who was unable to find any evidence of injury and determined that the plaintiff could return to work.
Later in March of 1978, Sellers was again examined by Doctor William Foster, who found no objective signs of injury, but felt that there was some limitation of motion. Almost a year later, Doctor Foster saw the plaintiff once again. He admitted Sellers to the hospital on March 5, 1979, and performed a myelogram on him. He subsequently performed a lumbar laminectomy on the plaintiff on March 7, 1979. Doctor Foster discharged Sellers in January of 1980, and felt that he was physically capable of performing all the duties of his previous employment as a rigger.
Cities Service Company paid 113 weeks of worker’s compensation benefits to Sellers at a rate of $130.00 per week for a total of $14,690.00, as well as medical benefits in the amount of $7,028.20, plus $1,467.20 to Lake Charles Memorial Hospital for confinement of the plaintiff from November 20, 1979, to December 11, 1979. Benefits were terminated by the defendant in January of 1980 on the basis of doctors’ reports which indicated that the plaintiff was no longer physically disabled.
In the trial judge’s reasons for judgment, he remarked that it was most difficult to sift exaggeration from prevarication in the evidence which was presented. Counsel for the plaintiff in his brief actually agreed that Sellers had exaggerated in stating that he had been catapulted 20 feet in the air, causing him to turn a flip and land on his feet. Furthermore, plaintiff’s counsel commented in his brief that Sellers “... in addition to his exaggeration had been belligerent, irritable, petulant, and one of the most difficult clients this counsel has ever represented.”
This Court will not disturb the trial court’s finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The trial judge clearly was unable to attach a great deal of credibility to the plaintiff’s version of the facts. Apparently, he determined that the damage to Sellers’ back which resulted in his undergoing surgery in March, 1979, was not proven in a satisfactory manner to have been causally related to the plaintiff’s accident on November 17, 1977, such that he would be entitled to recovery of compensation from Cities Service Company. We cannot say that the judge’s findings were manifestly erroneous, and we thereby adhere to them.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs at trial and on appeal are assessed against Bartley D. Sellers.
AFFIRMED.